IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JERRY PATRICK WILLIAMS**                                      **PLAINTIFF**

v.                                                      CAUSE NO. 1:23-cv-00104-LG-BWR

**KATIE W. SHIREMAN, et al.**                                   **DEFENDANTS**

## ORDER OF PARTIAL DISMISSAL

**THIS MATTER IS BEFORE THE COURT** *sua sponte.* *Pro se* Plaintiff Jerry Patrick Williams is an inmate currently housed at the Jackson County Adult Detention Center in Pascagoula, Mississippi. (Compl. at 2, ECF No. 1). He brings this Complaint under 42 U.S.C. § 1983 against Public Defender Katie W. Shireman and Investigator Austin Barnett. (*Id*. at 2-3). Williams is proceeding *in forma pauperis*. (Order, ECF No. 7). For the reasons set forth below, the Court finds that Williams' claim against Public Defender Shireman should be dismissed with prejudice as frivolous and that she should be dismissed as Defendant herein. At this early stage in the litigation, Williams' claims against Investigator Barnett will proceed.

## I. BACKGROUND

Williams has filed multiple lawsuits arising from his current incarceration, beginning with *Williams v. Hutchens*, No. 1:22-cv-00277-BWR (S.D. Miss.). The events giving rise to this lawsuit are better understood by reference to the documents filed in that case.[1]

---

[1] "A court may take judicial notice of its own records." *Statecum v. Anderson*, No.

On April 20, 2022, Williams claims that he was wrongfully arrested and incarcerated on an unspecified misdemeanor charge. *Williams*, No. 1:22-cv-00277-BWR (S.D. Miss. Jan. 24, 2023) (Order at 1, ECF No. 22). On October 10, 2022, Williams appeared in the Jackson County Circuit Court for a bail determination, and Circuit Court Judge Robert Krebs set his bond at $25,000.00. (*Id*. at 2). Williams argues that his bond was "excessive" because he did not commit the charged offense. (*Id*.). This Court dismissed Judge Krebs from Williams' earlier lawsuit as judicially immune from the excessive-bond allegations. (*Id*. at 6-8). Williams' bond has since been reduced to $2,500.00. (Compl. at 5, ECF No. 1).

In this case, Williams blames Public Defender Shireman and Investigator Barnett for constitutional violations allegedly occurring on August 5, 2022, and October 10, 2022. (Resp. at 1-2, ECF No. 13). On August 5, Williams claims that Public Defender Shireman visited him in jail but failed to "explain[] [his] charge." (*Id*. at 1). Allegedly, she also "told [him] that [he] was going to court for bond reduction" on August 8, but no hearing was held as promised. (*Id*.).

On October 10, Williams claims that Public Defender Shireman sent a "piece of paper" for him to sign by way of her assistant. (*Id*. at 2). When he asked "what [he] was signing," Investigator Barnett "told [Williams] if [he] did not sign that piece of paper he would make sure that [Williams] would not have another bond reduction or get another court date." (*Id*.). Williams signed the paper but still has

---

3:09-cv-00580-HTW-FKB, 2010 WL 583924, at *1 n.1 (S.D. Miss. Feb. 16, 2010) (quotation omitted).

2

an unclear understanding of what it was. (*Id.*). As of July 18, 2023, his "case has not been presented to the grand jury . . . on a charge [he says he] never committed." (*Id.*).

Williams argues that Public Defender Shireman violated his Sixth and Fourteenth Amendment rights by providing ineffective assistance of counsel. (*Id.* at 1, 3). Williams argues that Investigator Barnett violated his Fourth, Fifth, and Fourteenth Amendment rights by "threaten[ing] [him] to sign" the nondescript "piece of paper" and by "den[ying] [Williams] the right to [his] preliminary hearing." (*Id.* at 2-3). Williams asks the Court for $2,850,000.00 in compensatory and punitive damages, plus immediate release from incarceration. (Compl. at 5, ECF No. 1). Williams' habeas claims were severed from his earlier lawsuit, and his petition for writ of habeas corpus has since been dismissed without prejudice. *Williams v. Ezell*, No. 1:22-cv-00335-HSO-RPM (S.D. Miss. Jan. 3, 2024) (Order, ECF No. 20).

## II. DISCUSSION

### A. The Prison Litigation Reform Act

Because Williams is proceeding *in forma pauperis*, (Order, ECF No. 7), his Complaint is subject to the case-screening procedures outlined in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2). The PLRA mandates dismissal if at any time the Court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B). This

framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quotation omitted).

In an action proceeding under § 1915, courts may "evaluate the merit of the claim *sua sponte*." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) (emphasis added). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* So long as the plaintiff "has already pleaded his 'best case,'" *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)), and his "insufficient factual allegations [cannot] be remedied by more specific pleading," *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), the Court may dismiss a claim *sua sponte*.

B. <u>Analysis</u>

To maintain an action under § 1983, Williams must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other law of the United States. 42 U.S.C. § 1983. At this stage of the screening process, the Court finds that Williams' claims against Investigator Barnett are insufficiently developed to permit dispositive action at this time. Though Williams hints that Investigator Barnett coerced him to sign a "piece of paper," (Resp. at 2, ECF No. 13), it is unclear what that document was or the impact, if any, that the

alleged coercion had on Williams' criminal case.  The Court would benefit from further factual development on these claims.  Thus, Williams' claims against Investigator Barnett will proceed, though the Court expresses no opinion on whether these claims will or will not be determined to be meritorious.

But Williams cannot maintain his § 1983 claim against Public Defender Shireman.  "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981).  Section 1983 "was never intended as a vehicle for prosecuting malpractice suits against court-appointed attorneys."  *O'Brien v. Colbath*, 465 F.2d 358, 359 (5th Cir. 1972).  "The court-appointed attorney, like any retained counsel, serves his client . . . [and] not the state."  *United States ex rel. Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976).  "The ancillary fact[] that the court has a hand in providing counsel" does not demonstrate state action sufficient to support a claim against a public defender under § 1983.  *Id*.

Thus, Williams' ineffective assistance of counsel claim against Public Defender Shireman is not cognizable under § 1983.  *E.g.*, *Sellers v. Haney*, 639 F. App'x 276, 277 (5th Cir. 2016); *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996); *Shadley v. Biloxi Police Dep't*, No. 1:08-cv-00083-HSO-JMR, 2008 WL 4861984, at *1 (S.D. Miss. Nov. 10, 2008).  This claim will be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Patrick v. Taylor*, No. 5:21-cv-00076-DCB-FKB, 2022 WL 1055432, at *2 (S.D. Miss. Feb. 25, 2022).  Insofar as

Williams alleges no other claim against her, Public Defender Shireman will be dismissed as Defendant herein.

### III. CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff Jerry Patrick Williams' claims against Public Defender Katie W. Shireman are **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C § 1915(e)(2)(B)(i). Public Defender Shireman is dismissed as Defendant herein, and the Clerk of Court shall terminate Public Defender Shireman as Defendant on the Court's docket.

**IT IS FURTHER ORDERED AND ADJUDGED** that Williams' claims against Investigator Austin Barnett will proceed. An Order issuing Notice of Lawsuit and Request for Waiver of Service will be issued in due course.

**SO ORDERED AND ADJUDGED** this the 23rd day of February, 2024.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge